[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Orange, Connecticut on June 1, 1974. They found they could not have children so they adopted Joseph in March 1989. He is no three years old.
The parties had many problems during the marriage.
The plaintiff claims that the defendant stayed out late, came home intoxicated and behaved violently towards her. She obtained a restraining order from the court against this violence. The order is still in effect. The defendant claims that the plaintiff has become romantically involved with a gentlemen friend.
The court finds that the marriage has broken down irretrievably with no hope of reconciliation. It is dissolved. Both parties were at fault for the breakdown, although it is very apparent that the defendant was more at fault than the plaintiff.
Custody of the child, Joseph, is awarded jointly to the parties. He shall live with the plaintiff. Both parties shall jointly make all major decisions concerning the child's health, education and welfare, including, but not limited to decisions as to the selection of schools, camps, colleges, medical treatments and religious instructions. The plaintiff shall make all day to day decisions.
The defendant shall visit with Joseph every other week end beginning Friday, 4:30 P.M. until Sunday at 3:00 P.M. and every other Wednesday from 4:30 P.M. to 7:30 P.M. On the alternate week ends the defendant shall visit with Joseph on Saturday from 9:00 A.M. to 5:00 P.M. and on Wednesdays from 4:30 P.M. until Thursday morning at 8:00 A.M.
The defendant shall visit with Joseph on Thanksgiving Day from 12:00 noon until Sunday at 6:00 P.M. in the even numbered years and Joseph shall be with the plaintiff in the odd numbered years.
The defendant shall have Joseph on Christmas Eve Day from 12:00 noon until 11:00 A.M. on Christmas Day on the even numbered CT Page 11815 years. In 1993 and in the subsequent odd numbered years the defendant will have Joseph on Christmas Eve at 12:00 noon up to 11:00 A.M. on Christmas Day. The defendant will have Joseph from 11:00 A.M. on Christmas Day until 6:00 P.M. the following day.
The defendant shall visit with Joseph from New Year's Eve Day at 12:00 noon until New Year's Day at 7:00 P.M. in the even numbered years. The plaintiff shall have Joseph at that specified time in the odd numbered years.
The defendant shall visit with Joseph from Good Friday at 12:00 noon until Easter morning at 11:00 A.M. in the even numbered years with Joseph spending Easter day with the plaintiff. The defendant shall have Joseph during Easter Day at that specified time in the odd numbered years.
In the even numbered years, the defendant shall have Joseph on the following holidays: Palm Sunday, Labor Day Weekend, Friday at 5:00 P.M. to Monday at 6:00 P.M. Memorial Day weekend Friday at 5:00 P.M. to Monday at 6:00 P.M. In the even numbered years, the plaintiff shall have Joseph on the following holidays: July 4 with the understanding that if that holiday falls on a Friday, Saturday, Sunday or Monday, it will be treated similarly as a three day week end. In the odd number years, the schedule in this paragraph shall be reversed.
Both parties shall have access to Joseph with regard to the celebration of his birthday.
Joseph shall visit exclusively with each party on their respective birthdays each and every year.
Joseph's winter recess vacations will be with the defendant in odd numbered years and with the plaintiff in the even numbered years. Spring recess vacations will be with the plaintiff in odd numbered years and with the defendant in even numbered years.
The defendant shall have two weeks of visitation with Joseph during the summer. These weeks may be used consecutively.
The defendant shall pay support for Joseph in the amount of $312. per week as the guidelines provide.
The defendant shall pay the plaintiff alimony in the amount of $350.00 per week for 12 years. CT Page 11816
The defendant shall maintain the present level of medical benefits for Joseph. He shall also pay the cost of medical insurance for the plaintiff during the period of extended benefits provided by federal COBRA laws. Any uninsured bills shall be shared equally be the parties.
The plaintiff shall receive all the proceeds, including accumulated interest, paid on the theft insurance policy, in connection with the theft from the plaintiff's residence in September 1991.
The defendant shall convey to the plaintiff his right, title and interest in the 1987 Volvo presently being used by the defendant. The plaintiff shall be responsible for the cost of insurance and maintenance on such car after the date of transfer.
Each party shall be responsible for and pay the debts listed on their respective financial affidavits.
The plaintiff may retain and keep all the personal property located in the residence at 38 High Meadow Land in Orange except for the defendant's clothing which he may remove on request and reasonable notice.
The restraining order issued by the court and extended by this court on July 20, 1990 shall continue in full force and effect for the protection of the plaintiff until further order of the court.
Each party shall be responsible for and pay the fees of their own attorney.
The High Meadow Lane property in Orange, Connecticut and the Hacienda Time Share Property shall be sold immediately and the net proceeds of each property, whether resulting in a profit or a loss, shall be divided equally by the parties in each instance.
The defendant shall quit claim his interest to the plaintiff immediately in the following properties:
 26 Guiles Place, Meriden 88 Main Street, New Haven 88 Aircraft Road, West Haven
The plaintiff shall quit claim her interest to the defendant CT Page 11817 immediately in the following properties:
 154 Bull Hill Lane, West Haven 20 Oakley Street, New Haven 55 Thompson Gardens, East Haven 200 South Street, West Haven
The defendant shall hold the plaintiff harmless from any liability for state or federal income taxes for 1991 and all prior years.
THOMAS J. O'SULLIVAN, TRIAL REFEREE